UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN T. CARLETON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00233-JAW |
| | ) | |
| R. CHRISTOPHER ALMY, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 4.) In accordance with the statute that governs matters proceeding without prepayment of the filing fee, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that Defendant, a District Attorney, initiated illegitimate criminal charges against him (Attachment to Complaint at 2, ECF No. 1-1), defamed him in connection with competency proceedings (Complaint at 4–6; Attachment at 1), and improperly influenced the competency proceedings. (Attachment at 1.)

## **LEGAL STANDARD**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the

relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff's complaint consists of conclusory statements unsupported by any facts. "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). Additionally, the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Plaintiff's conclusory allegations are insufficient to support an actionable claim.

In addition, a review of the limited allegations in the complaint reveals that Defendant's decision to prosecute Plaintiff is within Defendant's broad discretion and not actionable. The United States Supreme Court has made clear that prosecutors have wide discretion when deciding whether to initiate a prosecution.

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n. 11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364

>(1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985) (modification in original); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."). The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456). Plaintiff has failed to assert any facts that would suggest Defendant's decision to prosecute Plaintiff was not within his broad discretion.

Furthermore, a prosecutor such as Defendant is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect—independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so.").

4

Plaintiff's claim related to Defendant's alleged request for a competency evaluation is also within the immunity afforded Defendant. As the court in *Beaulieu v. Quay*, No. 11-cv-514-JL, 2021 WL 1676993 (D. N.H. April 4, 2012) explained,

> Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]dvocacy in connection with a bail application" is a prosecutorial act protected by absolute immunity." *See Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006); *see also, Barreto v. Cnty of Suffolk*, No. 10-789-cv, 2021, WL 169778, at *1 (2d Cir. Jan. 12, 2012) (prosecutor who appears in court regarding a bail issue entitled to absolute immunity from suit (citing *Imbler*, 424 U.S. at 430-31)); *Wiltshire v. Williams*, No. 10 Civ. 6947, 2021 WL 899383, *5 (S.D.N.Y. Mar. 16, 2012) (prosecutor making bail request entitled to absolute immunity).

*Id.* at *3.

Finally, in his complaint, Plaintiff asserts he is still in court contesting the criminal charges. (Attachment at 2.) To the extent the state court criminal proceeding is ongoing, *Younger v. Harris*, 401 U.S. 37 (1971), supports abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an

adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

The criminal proceeding referenced in Plaintiff's complaint is judicial in nature, implicates important state interests associated with the State's administration of its laws, and affords Plaintiff an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, would be appropriate.

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of June, 2023.